UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY WATERKEEPER, OUR
CHILDREN'S EARTH FOUNDATION,
and SUNCOAST WATERKEEPER,

    Plaintiffs,

v.                                        Case No: 8:20-cv-1742-T-36AAS

CITY OF LARGO, FLORIDA,

    Defendant.
_____/

# **O R D E R**

    This cause is before the Court *sua sponte*. Plaintiffs, Tampa Bay Waterkeeper, Our Children's Earth Foundation, and Suncoast Waterkeeper, bring this action against Defendant, City of Largo, Florida, for declaratory and injunctive relief under the citizen suit enforcement provision of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* ("Clean Water Act"). In a four-count Complaint, Plaintiffs allege violations of the *State of Florida Domestic Wastewater Facility Permit* National Pollutant Discharge Elimination System ("NPDES") Permit No. FL 0026603; discharge of pollutants to waters of the United States without an NPDES Permit authorization in violation of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a); and violations of the *State of Florida Municipal Separate Storm Sewer System Permit*, NPDES Permit Nos. FLS000005-003 and FLS000005-04. Doc. 1.

    "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*,

792 F.3d 1313, 1322–23 (11th Cir. 2015). Relevant here, a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" constitutes a shotgun pleading. *Id.* at 1321. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

The Complaint here constitutes a shotgun pleading. Each of Plaintiffs' counts incorporates all preceding paragraphs, including prior counts, resulting in the final count constituting a culmination of the entire Complaint. This form of pleading is exactly the type repeatedly condemned by the Eleventh Circuit. Therefore, the Court will dismiss the Complaint and grant Plaintiffs leave to file an amended complaint which conforms with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing an amended complaint,

Plaintiffs shall ensure that they avoid shotgun pleading pitfalls and comply with applicable pleading requirements.

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' Complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiffs are granted leave to file an amended complaint within **FOURTEEN (14) DAYS** from the date of this Order, which must correct the deficiencies discussed herein.

3. Failure to file an amended complaint within the time provided will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on August 3, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any