**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TAMPA BAY WATERKEEPER, OUR
CHILDREN'S EARTH FOUNDATION
and SUNCOAST WATERKEEPER,

        Plaintiffs,                          Civil Case No. 8:20-cv-01742-CEH-AAS

v.

CITY OF LARGO, FLORIDA,

        Defendant.
_____/

**DEFENDANT, CITY OF LARGO'S AMENDED ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED**
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (Dkt. 9)**

Defendant, CITY OF LARGO ("Largo", "Defendant", or "City"), hereby responds to the

correspondingly numbered allegations of the Plaintiffs' Amended Complaint for Declaratory and

Injunctive Relief and Civil Penalties (Dkt. 9), and alleges as follows:

        1)       It is admitted that this suit has been brought under the provisions of the Federal

Clean Water Act, 33 U.S.C. §§ 1251, *etc.*, ("Clean Water Act" or "CWA").  It is denied that this

Court has subject matter jurisdiction over the parties and this action as alleged.

        2)       It is admitted that on May 29, 2020, the Plaintiffs issued a Notice Letter to Largo.

It is denied that each of the discharge occurrences identified within the Notice Letter constitute a

violation of the Clean Water Act. It is denied that the Notice Letter adequately addresses all of

the issues raised in the Amended Complaint and in that respect the Notice Letter is not adequate

under the provisions of the CWA. With respect to the remaining allegations of paragraph 2, the

Defendant is without knowledge as to the veracity of the statements made by Plaintiffs and

denies same.

3)      Admitted.

4)      Denied.

5)      Admitted that venue is proper in the Middle District of Florida, Tampa Division.

6)      It is admitted that the Plaintiffs have alleged violations as characterized in paragraph 6.  The occurrence of those violations is Denied.

7)      Denied.

8)      Denied.

9)      Denied.

10)     Denied.

11)     Denied.

12)     Denied.

13)     Denied.

14)     Denied.

15)     Denied.

16)     Denied.

17)     Denied.

18)     Denied.

19)     Denied.

20)     Admitted.

21)     Denied.

22)     Admitted.

23)     Admitted.

24)     Denied.

25)     Admitted.

26)     Admitted.

27)     Admitted.

28)     Denied.

29)     Denied.

30)     Denied.

31)     Denied.

32)     Denied.

33)     It is admitted that Tampa Bay and the Gulf of Mexico are waters of the United States. It is further admitted that other water bodies, streams, or tributaries in or adjoining Largo may have connections to the Waters of the United States. The remaining allegations of paragraph 33 are Denied. The term "Receiving Waters" as used in the Amended Complaint has not been defined sufficiently. Many of the SSOs, identified in the Amended Complaint, do not reflect discharges into the Waters of the United States.

34)     Admitted.

35)     Denied.

36)     Denied.

37)     Denied.

38)     Denied.

39)     Denied.

40)     Denied.

41)     Denied.

42)     Denied.

3

43)     Denied.

44)     Denied.

45)     The location of Cross Bayou is admitted. The remaining allegations of Paragraph 45 are denied.

46)     Denied.

47)     Denied. The Defendant is without knowledge of the nature and extent of the injuries allegedly suffered to the Members of the Plaintiffs' organizations. As such, Defendant denies the standing of the Plaintiffs' organizations to the extent they rely upon injury suffered by their Members. Further, Defendant demands proof that all alleged illegal discharges are within the subject matter jurisdiction of this Court under the Clean Water Act, 33. See, Section 1311(a).

48)     The section cited speaks for itself.

49)     The section cited speaks for itself.

50)     The section cited speaks for itself.

51)     The section cited speaks for itself.

52)     The section cited speaks for itself.

53)     Admitted.

54)     Admitted that various NPDES permits have been issued to the City.

55)     Denied.

56)     Admitted.

57)     Admitted.

58)     Admitted.

59)     Denied.

60)     Denied.

61)     Denied.

62)     The content of sections of the Clean Water Act referenced is admitted. The remaining allegations of this paragraph are denied.

63)     The content of sections of the Clean Water Act referenced is admitted. The remaining allegations of this paragraph are denied. The Defendant claims entitlement to recover litigation costs, including attorneys' and expert fees, pursuant to the referenced section.

64)     Denied.

65)     Admitted.

66)     Admitted.

67)     Denied.

68)     Denied.

69)     Denied.

70)     Denied.

71)     Denied.

72)     The content of sections of the Clean Water Act referenced is admitted. The remaining allegations of this paragraph are denied.

73)     Denied.

74)     Denied.

75)     The content of sections of the Clean Water Act referenced is admitted. The remaining allegations of this paragraph are denied.

76)     Denied.

77)     Denied.

78)     The content of the section referenced is admitted. The remaining allegations of this paragraph are denied.

79)     Denied.

80)     Admitted that the City has reported numerous unpermitted overflow discharges of raw and/or partially treated sewerage from its WWTF and WCTS. The remaining allegations of this paragraph are denied.

81)     Denied.

82)     Denied.

83)     Denied.

84)     Denied.

85)     Denied. It is denied that the list of discharges identified in Exhibit 2 constitute violations of the Clean Water Act and are the proper subject of the jurisdiction of this Court or the basis of a claim by the Plaintiffs.

86)     Denied.

87)     Denied.

88)     Denied.

89)     Denied.

90)     Denied.

91)     Denied.

92)     Denied.

93)     The content of the section referenced is admitted. The remaining allegations of this paragraph are denied.

94)     Denied.

95) Admitted.

96) Denied.

97) It is admitted that the MS4 serves the general area also served by the WCTS. It is admitted that the MS4 system contains numerous storm drain inlets that are connected by outfall to Waters of the United States. Denied that all SSOs that discharge into the MS4 system constitute violations of the Clean Water Act.

98) Denied.

99) Admitted.

100) The terms of the permit speak for themselves and are incorporated herein by reference in response to paragraph 100.

101) The terms of the permit speak for themselves and are incorporated herein by reference in response to this paragraph.

102) The terms of the permit speak for themselves and are incorporated herein by reference in response to this paragraph.

103) The terms of the permit speak for themselves and are incorporated herein by reference in response to this paragraph.

104) Denied.

105) Denied.

106) Denied.

107) Denied.

108) Denied.

109) Denied.

110)    The content of the section referenced is admitted. The remaining allegations of this paragraph are denied.

111)    Denied.

112)    Admitted.

113)    The terms of the permit speak for themselves and are incorporated herein by reference in response to this paragraph. The remaining allegations of this paragraph are denied.

114)    The terms of the permit speak for themselves and are incorporated herein by reference in response to this paragraph. The remaining allegations of this paragraph are denied.

115)    Denied.

116)    Denied.

117)    Denied.

118)    Denied.

119)    Denied.

120)    Denied.

121)    Denied.

122)    The content of the section referenced is admitted. The remaining allegations of this paragraph are denied.

123)    Denied.

124)    The Defendant denies the facts set forth in the Amended Complaint and challenges the jurisdiction of this Court with respect to the discharges alleged within the Amended Complaint. Defendant prays that Plaintiffs be denied the relief requested in this paragraph and Defendant demands strict proof of all allegations set forth in the Amended

Complaint. Defendant further claims entitlement to recover litigation costs, including attorneys' fees and experts' costs as provided by Section 505(d), 33 U.S.C. Sec. 1365(d).

### FIRST AFFIRMATIVE DEFENSE

The Court is without jurisdiction over this case as the City of Largo ("Largo") has paid penalties for certain violations and taken other actions pursuant to final Consent Orders, not subject to judicial review. Thus, all claims for which Largo has paid such a penalty and taken other action are subject to the citizen-suit bar.  33 U.S.C. § 319(g)(6)(A)(ii) & (iii).  Additionally, Plaintiffs' citizen suit is also precluded by the §1319(g)(6)(A)(ii) statutory bar on citizen suits, as the Florida Department of Environmental Protection ("FDEP") has commenced and is diligently prosecuting administrative enforcement actions with respect to the violations in the Plaintiffs' Amended Complaint (the "Complaint") under a state law "comparable" to the federal Clean Water Act ("CWA"). The FDEP has undertaken to enforce its permits and agency rules promulgated under the CWA through Consent Order No. 03-0666, effective April 10, 2006, and subsequent amendments to the original Consent Order including, the First Amendment to the Consent Order, effective August 4, 2009 ("First Amendment"), the Second Amendment to the Consent Order, effective September 18, 2012 ("Second Amendment"), the Third Amendment to the Consent Order, effective May 6, 2016 ("Third Amendment"), the Fourth Amendment to the Consent Order, effective January 19, 2018 ("Fourth Amendment"), the Fifth Amendment to the Consent Order, effective November 21, 2018 ("Fifth Amendment") and the Sixth Amendment to the Consent Order, effective May 14, 2019 ("Sixth Amendment") and the Seventh Amendment to the Consent Order dated September 3, 2020. See also; FDEP Stipulated Penalty Letter Nov. 17, 2020 Re: Executed Consent Order OCG File No. 03-0666; FDEP Facility ID No. FL0026603. (Collectively referred to as "Consent Orders".)

The Consent Orders between FDEP and Largo mandate the payment of penalties and require Largo to take significant corrective and preventive actions within the mandated timelines, to adequately address all the same violations alleged in Plaintiffs' Amended Complaint. These actions have addressed the underlying causes of the alleged violations to assure that past violations are not repeated in the future. Therefore, the State of Florida (or FDEP) has initiated and is diligently pursuing enforcement proceedings in a comparable action that the Administrator or EPA could take, precluding this citizen suit. For these same reasons, Plaintiffs cannot demonstrate standing to pursue this CWA citizen suit.

Further, the Court should not issue injunctive relief to the extent that the regulation of the Largo Wastewater Collection System, Wastewater Reclamation System and MS4 system have been undertaken by the FDEP. The FDEP Consent Orders together with ongoing enforcement actions and regulatory oversite are sufficient to address the past violations and assure that violations will not occur in the future.  The Court should defer to the agency (FDEP) to determine the sufficiency of the remedial action required and the appropriate civil penalties.

An award of a civil penalty or injunction would be to expose Largo to injunctive and punitive relief twice for the same violations.  If Plaintiffs' entire citizen suit is not barred, any penalties assessed in this action should be reduced by those funds spent in compliance with the Consent Orders and any penalties paid.  To that end, the actions taken by the Largo and the penalties paid should be considered in mitigation of any penalties sought by the Plaintiffs herein.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim under the CWA as to some of the incidents alleged to be violations because they cannot establish such incidents constitute a continuing violation or that there is a likelihood of continued violations.  The CWA does not authorize private citizen suits

for wholly past violations. There is no likelihood of continued violations with respect to any particular incident or specific parameter. As such, the Court is without jurisdiction to impose a penalty or injunctive relief as the alleged violations do not constitute a continuing violation as contemplated by the CWA.

Additionally, the Plaintiffs fail to state a claim under the CWA for the alleged violations of the 2012 and 2019 NPDES Permits (referenced in their Complaint) as they are wholly past violations. Those permits are no longer in effect and have been superseded by the Modified NPDES Permit No. FL0026603-14 ("Modified NPDES Permit"). On May 28, 2020, Largo applied to FDEP to revise its NPDES permit to operate in 18 MGD domestic wastewater treatment facility permitted to discharge 15 MGD of effluent to Feather Sound. On July 14, 2020, FDEP issued a Notice of Draft Permit. See FDEP File Number FL0026603014-DW1P/RO. The Modified NPDES Permit has since become final and effective. This affirmative defense is applicable whether it is determined that the Modified NPDES Permit was final/effective:

1) prior to the filing of Plaintiffs' complaint in this action—in which case Plaintiffs' request for civil penalties and injunctive relief fails to meet the requirements of standing; or,

2) at some point after the filing of Plaintiffs' complaint in, but during the pendency of, this action—in which case many of Plaintiffs' claims fail for becoming moot. *Environmental Conservation Organization v. City of Dallas*, 529 F.3d 519 (5th Cir.2008); *Louisiana Envtl. Action Network v. City of Baton Rouge*, 677 F.3d 737, 744–45 (5th Cir. 2012); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 120 S. Ct. 693, 708–09, 145 L. Ed. 2d 610 (2000).

There is no likelihood of continued violations as alleged due to the fact that FDEP's issuance of a Modified NPDES Permit completely eradicated the risk of any continued violation by Largo of any NPDES permit term or limit no longer in effect. The Modified NPDES Permit replaces and supersedes the 2012 and 2019 NPDES Permit (No. FL0026603-13) ("Prior NPDES Permit") which serves as the basis for this citizen suit. The Modified NPDES Permit adds additional treatment and alters the effluent limitation terms for the Largo WWTF. Therefore, there can be no future or ongoing violations of the CWA based on an alleged violation of effluent terms in the prior NPDES Permit.  Plaintiffs have not alleged, in their Amended Complaint or their 60-day notice letter, any violations of the effluent terms in the Modified NPDES Permit, only the Prior NPDES Permit which has been superseded and no longer in effect.

Similarly, to the extent that the cause of any alleged violation/discharge is addressed by FDEP and its Consent Orders such that that there is no likelihood of continued violations, those discharges are also not violations of the CWA.

## THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction to hear this action because the 60-day notice of intent provision in the CWA has not been satisfied by the Plaintiffs. The required contents of a CWA notice of intent letter are outlined in U.S. EPA regulations, which mandate that such notice "shall include sufficient information to permit the recipient to identify the specific standard, limitation or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, and the full name, address, and telephone number of the person giving the notice." *See* 40 C.F.R. § 135.3(a).

The CWA's notice requirement is to be strictly construed. *Nat'l Parks and Conservation Ass'n v. Tenn. Valley Auth.,* 502 F.3d 1316, 1329 (11th Cir. 2007). The Plaintiffs have failed to satisfy this requirement as their 60-day notice letter fails to "include sufficient information to permit" Largo "to identify the specific standard, limitation or order alleged to have been violated." Their notice letter alleges violations of standards/limitations in NPDES Permit No. FL0026603- 013-DW1P/NR ("2019 NPDES Permit") and NPDES Permit No. FL0026603-007-DW1/NR ("2012 NPDES Permit") as follows:

1. "All discharges in excess of the TN limit of 19 tons/year (5-Year Average) since March 2019 (which is when the 2019 NPDES Permit limits began to apply) are actionable violations of the 2019 NPDES Permit and the CWA";
2. "All discharges in excess of the 2019 NPDES Permit limit of 22 ug/L Dichlorobromomethane since March 2019 (which is the month when the 2019 NPDES Permit limits began to apply) are actionable violations of the 2019 NPDES Permit and the CWA"; and
3. "All discharges in violation of the fecal coliform minimum detection limit since July 2015 are actionable violations of the City's 2012 and 2019 NPDES Permits and the CWA".

As such, the notice does not provide specific information related to the alleged discharges. Additionally, the 2012 and 2019 NPDES Permits have been superseded and are no longer in effect. Plaintiffs' 60-day notice letter does not allege any violations of the standards or limitations of the current NPDES Permit No. FL0026603-014-DW1P/NR.  Public notice was published in August of 2020 and that permit is final and effective. Therefore, the Plaintiffs' notice fails to satisfy the CWA's notice requirement.

## <u>FOURTH AFFIRMATIVE DEFENSE</u>

Largo is entitled to the permit shield affirmative defense because many of the discharges alleged by the Plaintiffs to be violations are authorized by Largo's NPDES permit. **U**nder the permit shield doctrine set forth in the CWA, compliance with a permit constitutes an exception to

the general strict liability of the CWA. Thus, an NPDES permit holder is shielded from CWA liability for discharges in compliance with its permit. Compliance is a broader concept than merely obeying the express restrictions set forth on the face of the NPDES permit; all discharges adequately disclosed to the permitting authority and reasonably anticipated by, or within the reasonable contemplation of, the permitting authority are also within the scope of the permit's protection. Thus, Largo is exempted from liability for any discharges in compliance with the express terms of its NPDES permit, as well as for any discharges adequately disclosed to and reasonably anticipated by, or within the reasonable contemplation of, FDEP (the permitting agency).

Similarly, to the extent that the Plaintiffs have claimed violations related to the MS4 system and those discharges were in compliance with MS4 Permit No. FLS000005-004 or MS4 Permit No. FLS000005-003 (whichever was in effect at the time of the alleged violation) or its NPDES permit, those discharges are also not violations of the CWA nor are they the proper basis for citizen suits and, accordingly, claims for those violations should also be denied.

## **FIFTH AFFIRMATIVE DEFENSE**

Some of the incidents alleged by the Plaintiffs to be violations were the result of Acts of God. Thus, Largo is not liable for the violation as it could not prevent the discharge and should not be subjected to penalties and injunctive relief for those violations. That fact should be considered in connection with both the assessment of penalty and imposition of injunctive relief.

Additionally, certain events which led to some of the SSOs described in the Plaintiffs' Amended Complaint as being violations of the Clean Water Act, are excused by DEP and EPA regulations because they are considered exceptional and result in unintentional and temporary non-compliance with applicable effluent limitations due to factors beyond the control of Largo.

See, Florida Administrative Code Rule 62-620.610(23), 62- 620.200(55); 40 C.F.R. § 122.41(n). Largo has promptly responded in an appropriate fashion in these situations and may not be held liable beyond the corrective measures already taken or agreed to in the FDEP Consent Orders.

### SIXTH AFFIRMATIVE DEFENSE

Defendant is entitled to the upset defense because some of the incidents alleged by the Plaintiffs to be violations were an exceptional incident in which there was unintentional and temporary noncompliance with technology-based effluent limitations because of factors beyond the reasonable control of the City. The affirmative defense of "upset" derives from the regulations implementing the NPDES permitting program, see 40 C.F.R. § 122.41, which provides certain conditions that are incorporated into all issued NPDES permits. Among the conditions expressly incorporated into both the prior NPDES Permit (No. FL0026603-013) and the Modified NPDES Permit (No. FL0026603-014) is the affirmative defense of "upset," which is defined in the regulation as:

> [A]n exceptional incident in which there is unintentional and temporary noncompliance with technology based permit effluent limitations because of factors beyond the reasonable control of the permittee. An upset does not include noncompliance to the extent caused by operational error, improperly designed treatment facilities, inadequate treatment facilities, lack of preventive maintenance, or careless or improper operation.

40 C.F.R. § 122.41(n). Both versions of Largo's NPDES Permit also provide that "an upset constitutes an affirmative defense to an action brought for noncompliance with technology based permit effluent limitations if the requirements of upset provisions of Rule 62-620.610, F.A.C., are met." Thus, subject to proof of upset and to the extent that the Court accepts jurisdiction related to violations of prior permits, such exceedances are excused from constituting violations of the NPDES Permit by its plain language and by reference to and operation of 40 C.F.R. § 122.41(n).

## SEVENTH AFFIRMATIVE DEFENSE

Not all wastewater discharges that are received and conveyed by Largo's storm water sewer systems, "MS4", are discharges to waters of the United States. Because of in-line storage and treatment capacity, coupled with residency time within the system, some releases do not become discharges of untreated wastewater or discharges at all to waters of the United States and are not therefore violations over which this Court has jurisdiction under the Clean Water Act. Further, to the extent that an SSO identified by the Plaintiffs as a violation of the Clean Water Act has not discharged pollutants into the waters of the United States or are not likely to reoccur, no violation of the Clean Water Act has occurred, and the Court is without jurisdiction and Largo is without liability under the Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action for alleged violations of state water quality standards unless such standards are incorporated into the NPDES permit and the challenged action also constitutes a violation of a NPDES permit term. Further, the Court is without jurisdiction to hear citizen suit claims for any alleged discharges in the Amended Complaint that do not constitute violations of an effluent standard or limitation under Title 33 U.S.C. §1365.

## NINTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims are barred by the bypass defense set forth in 40 C.F.R. 122.41(m)(4)(i). Further, Largo is not subject to CWA liability for any bypasses which, were in compliance with the bypass provisions in Largo's NPDES permit, which provide in relevant part:

> e. A permittee may allow any bypass to occur which does not cause reclaimed water or effluent limitations to be exceeded if it is for essential maintenance to assure efficient operation. These bypasses are not subject to the provisions of Permit Condition IX.22.b. through d. of this permit.

> and

16

b. Bypass is prohibited, and the Department may take enforcement action against a permittee for bypass, unless the permittee affirmatively demonstrates that:

(1) Bypass was unavoidable to prevent loss of life, personal injury, or severe property damage; and

(2) There were no feasible alternatives to the bypass, such as the use of auxiliary treatment facilities, retention of untreated wastes, or maintenance during normal periods of equipment downtime. This condition is not satisfied if adequate back-up equipment should have been installed in the exercise of reasonable engineering judgment to prevent a bypass which occurred during normal periods of equipment downtime or preventive maintenance; and

(3) The permittee submitted notices as required under Permit Condition IX.22.c. of this permit.

## TENTH AFFIRMATIVE DEFENSE

The City is entitled to a reduction in the amount of civil penalties based on the mitigating factors set forth in 33 U.S.C. § 1319(d). The amount of the any penalty sought  in this case should be reduced or denied for the following reasons: (1) many of the alleged "violations" are in compliance with Largo's NPDES permit requirements or addressed by the FDEP in its Consent Orders and enforcement actions; (2) the nature, circumstances, extent and/or gravity of the alleged violations are not sufficient to support and warrant such an assessment of penalty; (3) the amount of the penalty proposed does not fairly or reasonably consider and reflect Largo's ability to pay the penalty proposed, and exceeds the ability of the respondent to pay such proposed penalty; (4) Largo's culpability, if any, is minimal for the alleged violations; (5) there exists no economic benefit or savings accruing to Largo by virtue of the alleged violations; (6) Largo has already paid penalties/fines related to the same alleged violations pursuant to FDEP Consent Orders; (7) Largo has constructed and implemented into the facility's waste treatment system new treatment ponds to improve, aid and facilitate compliance with the mandates of the NPDES permit, and to prevent and avert accidents constituting violations of the NPDES permit. By

17

asserting this matter, respondent does not admit any violations of the NPDES permit, and to the contrary, denies any and all allegations of any violation; and (8) Largo took all reasonable steps to minimize and prevent the alleged violations; by asserting this matter, respondent does not admit any violations of the NPDES permit, and to the contrary, denies any and all allegations of any violation.

## ELEVENTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims are barred by the five-year statute of limitations set forth in 28 U.S.C. § 2462. As such, any violations complained of by the Plaintiffs which occurred five years before the notice of the violations were filed with the Environmental Protection Agency are time barred.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action because they have not suffered an "injury-in-fact" which is concrete and particularized and actual or imminent, not conjectural, or hypothetical, nor have they established causation or redressability.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some of the alleged violations identified by the Plaintiffs occurred as the result of the conduct of third parties which was beyond the control of Largo. For example, damage caused accidently or intentionally to the system by third parties may have resulted in the release of wastewater. Largo may not appropriately be held liable or accountable for such events. Additionally, to the extent that said third parties contributed to any particular violation then that fact should be taken into consideration in the assessment of penalties and the imposition of injunctive relief.   Further, to the extent that those events are not likely to reoccur they should not provide a basis for Clean Water Act enforcement by citizen suit.

Additionally, some of the violations alleged in the Amended Complaint, were solely, directly, and proximately caused, or alternatively, contributed to, by the misconduct, negligence, or wrongful conduct of a third party or parties whose identities are not now known by Largo. Therefore, Largo requests that in the event Plaintiffs recover against Largo, whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties, pursuant to the Clean Water Act and/or other applicable law. Accordingly, Largo further requests a judgment and declaration of indemnification and contribution against all those parties or persons.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some, if not all, of Plaintiffs' claims are barred by the doctrine of laches, because Plaintiffs' unexcused delay in filing suit, if the suit were allowed, would be prejudicial to Largo. The FDEP has engaged and is continuing to pursue enforcement action designed to correct the alleged permit violations set forth in the Amended Complaint. These efforts have been ongoing since 2006 and Largo has acted in reliance upon the FDEP Consent Order as amended and enforced through the permitting process. In this regard, Largo has undertaken capital projects, modified procedures, implemented work programs, established budgets and utility rates and otherwise acted in good faith reliance upon the regulatory oversight of the FDEP. If the Plaintiffs have been engaged in environmental protection activities as alleged in the Amended Complaint and aware of the actions taken by the FDEP and Largo, then their delay in bringing this action is inexcusable and detrimental to Largo and its utility customers and taxpayers. Further, the delay in bringing this action undermines the regulatory authority delegated to the FDEP which has been exercised in a diligent and ongoing manner. For these reasons, the Plaintiffs relief should be denied or limited.

## **FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from obtaining declaratory relief because Plaintiffs have or had a complete and adequate remedy at law. Further, this Court should not grant injunctive relief for this reason and as regulation of Largo's subject systems by the FDEP and EPA is in the public interest.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

The Complaint constitutes an impermissible collateral attack on the administrative enforcement and permitting actions of the FDEP.

## **RESERVATION OF RIGHT TO AMEND WITH LEAVE OF COURT**

Largo asserts that it may have further and additional Affirmative Defenses which are not yet known, but which may become known through additional investigation and discovery, and to add any further counterclaims or cross-claims as necessary. The failure to identify and assert those affirmative defenses at this time should not be considered a waiver thereof.

Respectfully submitted this 1st. day of March, 2021.

*/s/ Brian A. Bolves*
Brian A. Bolves, FBN 367079
Paria Shirzadi Heeter, FBN 99158
Manson Bolves Donaldson Varn, P.A.
109 N. Brush Street
Suite 300
Tampa, FL 33602
P: 813-514-4700
F: 813-514-4701
E: bbolves@mansonbolves.com
    pheeter@mansonbolves.com
    asmith@mansonbolves.com

*Counsel for Defendant,*
*City of Largo, Florida*

Alan S. Zimmet, B.C.S., FBN 349615
Bryant Miller Olive P.A.
One Tampa City Center
Suite 2700
Tampa, FL 33602
P: 813-273-6677
F: 813-223-2705
E: azimmet@bmolaw.com
    nakins@bmolaw.com
    cmiller@bmolaw.com

*Co-Counsel for Defendant,*
*City of Largo, Florida*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Court's CM/ECF system, which will provide service via electronic mail to the individuals listed on the attached service list on this 1st day of March, 2021.


*/s/ Brian A. Bolves*
Brian A. Bolves

## SERVICE LIST

Civil Case No. 8:20-cv-01742-CEH-AAS

TAMPA BAY WATERKEEPER, OUR CHILDREN'S EARTH FOUNDATION and
SUNCOAST WATERKEEPER
v.
CITY OF LARGO, FLORIDA

Justin Bloom
Florida Bar #89109
Justin Bloom Attorney at Law, PA
P.O. Box 1028
Sarasota, FL 34230
P: 941-275-2922
F: 866-574-2169
E: bloomesq1@gmail.com

Michael Goodstein
Florida Bar #435295

Kathryn Schmidt *(Pro Hac Vice)*
Colorado Bar #25703
Van Ness Feldman, LLP
1050 Thomas Jefferson St. NW
Seventh Floor
Washington, D.C. 20007
P: 202-298-1800
F: 202-338-2416
E: mgoodstein@vnf.com
   KSchmidt@vnf.com

*Counsel for Plaintiffs,*
*Tampa Bay Waterkeeper, Our Children's*
*Earth Foundation and Suncoast Waterkeeper*